**Gabriel Ralph REYES, Plaintiff–Appellant,**

v.

**Michael C. SAYRE, M.D.; et al., Defendants–Appellees.**

No. 14–16920.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2015.\*

Filed Dec. 17, 2015.

Gabriel Ralph Reyes, Represa, CA, pro se.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wilfred T. Fong, Esquire, AGCA–Office of the Attorney General, Oakland, CA, for Defendants–Appellees.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MEMORANDUM \*\*

California state prisoner Gabriel Ralph Reyes appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment to defendants Torrance, Walker, and Sayre because Reyes failed to raise a genuine dispute of material fact as to whether these defendants were aware of and disregarded Reyes' risk of withdrawal. *See id.* at 1058 (to be deliberately indifferent, treatment must be medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to a prisoner's health).

However, as to defendant Williams, Reyes submitted evidence showing that he asked Williams about suffering from drug withdrawal and requested to have his medication tapered or be given some other

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

medication to lessen the withdrawal effects, and Williams stated that he would not taper Reyes' medication or give Reyes anything to treat withdrawal. Reyes also submitted evidence showing that Williams was aware that the cessation of his narcotic medication without tapering created a substantial risk of serious harm to Reyes' health and that Williams disregarded that risk. Accordingly, because there is a genuine dispute of material fact as to whether Williams was aware of an excessive risk to Reyes' health due to withdrawal but ignored that risk, we reverse and remand for further proceedings on the deliberate indifference claim against Williams. *See Lolli v. County of Orange,* 351 F.3d 410, 421 (9th Cir.2003) (vacating summary judgment where evidence would have allowed a jury to infer defendants knew of the risk of harm plaintiff faced if denied medical attention); *Jones v. Blanas,* 393 F.3d 918, 923 (9th Cir.2004) (verified motions and pleadings are admissible to oppose summary judgment).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.